# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**MARY MIDGETT**                                                                                       **PLAINTIFF**

**v.**                                              **5:07CV00233-WRW**

**AETNA LIFE INSURANCE COMPANY,** *et al.*                                   **DEFENDANTS**

## ORDER

Pending is Defendants' Motion to Dismiss (Doc. No. 4). Plaintiff has responded (Doc. No. 6). For the reasons set forth below, the Motion is DENIED.

Defendants' Motion identifies four reasons why this action should be dismissed: (1) Plaintiff's state law claims are preempted by ERISA; (2) Defendant Washington Group International, Inc. is not a proper Defendant with respect to claims in Count 1 of the Complaint; (3) Plaintiff failed to exhaust her administrative remedies because, for one, she never filed a claim for benefits under Defendant Washington's short term and long term disability plans; and (4) Plaintiff does not have a legally cognizable claim for damages for breach of fiduciary duty under ERISA.

## BACKGROUND

Plaintiff's original Complaint[1] named Aetna Life Insurance Company ("Aetna"), Broadspire Services, Inc. ("Broadspire"), and Washington Group International, Inc. ("Washington") as Defendants. The Complaint stated that "[t]his is an action on a disability insurance policy and plan."[2] Plaintiff was employed by Defendant Washington and participated

---

[1] Doc. No. 2.

[2] *Id*.

in Defendant Washington's short term and long term disability plans (the "Plans").[3] While insured under the Plans, Plaintiff suffered from a condition originally identified as fibromyaligia, but ultimately diagnosed as symptomatic first degree spondylolisthesis, L5-S1, with chronic nerve root compression and symptomatic cervical spondylosis.[4] Because of her disability, Plaintiff has been unable to perform her job since March, 2006.[5]

Plaintiff was found to be disabled by the Social Security Administration, and she alleges that she is totally disabled as defined by the Plans.[6] She contends that she complied with all requirements of the Plans, and that Defendants have refused to pay the disability benefits to which Plaintiff is entitled. Plaintiff's Complaint alleges that Defendants violated Arkansas law and ERISA, and that Defendants Aetna and Broadspire breached their fiduciary duty.

**DISCUSSION**

I will now address each of the points:

A. <u>Plaintiff's State Law Claims Are Preempted by ERISA</u>

On November 5, 2007, Plaintiff filed an Amended Complaint.[7] This pleading contains no state law claims, so Defendants' argument on this point is thus MOOT.

B. <u>Defendant Washington is Not a Proper Defendant With Respect to Claims in Count 1</u>

---

[3]*Id*.

[4]*Id*. Plaintiff is in constant pain and also suffers from depression and anxiety, all brought about by her disabilities.

[5]*Id*.

[6]*Id*. On September 27, 2006, Plaintiff received a Notice of Award from the Social Security Administration reflecting that disability benefits would be paid effective September, 2006.

[7]Doc. No. 13.

of the Complaint.

Defendants maintain that the Washington Group International Short Term Disability Plan is the proper defendant, not Washington Group International, Inc.[8] Plaintiff's Amended Complaint added the Washington Group International Short Term Disability Plan as Defendant.[9] Plaintiff has no objection to the dismissal of any claim against Washington Group International once Plaintiff receives documentation verifying that Washington Group International exercised no control over the Plans.[10]

    C. Plaintiff Failed to Exhaust Her Administrative Remedies

Plaintiff's Amended Complaint states that Plaintiff exhausted her administrative remedies in connection with the short term disability plan.[11] Defendants agree,[12] so their argument is MOOT.

    D. No Claim for Damages for Breach of Fiduciary Duty Under ERISA

Plaintiff's Amended Complaint does not allege that Defendants breached any fiduciary duty.[13] This point is also MOOT.

**CONCLUSION**

---

[8] Doc. No. 4.

[9] Doc. No. 13.

[10] Doc. No. 6.

[11] Doc. No. 13.

[12] Doc. No. 14.

[13] Doc. No. 13.

Because Plaintiff's Amended Complaint mooted Defendants' argument in connection with: Plaintiff's state law claims being preempted by ERISA; Plaintiff failing to exhaust her administrative remedies; and Plaintiff not having a claim for damages for breach of fiduciary duty under ERISA, and because Plaintiff has no objection to dismissing Defendant Washington Group International, Inc. as Defendant when it is confirmed that Defendant Washington Group International, Inc. exercised no control over the Plans, Defendants' Motion is DENIED.

IT IS SO ORDERED this 17th day of December, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE