IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARY MIDGETT                                                                           PLAINTIFF

v.                                          5:07-CV-00233-WRW

AETNA LIFE INSURANCE COMPANY, *et al.*                             DEFENDANTS

## ORDER

Pending is a Motion to Dismiss the Plaintiff's Claim for LTD Benefits (Doc. No. 22) filed by Defendants Aetna Life Insurance Company, Broadspire Services, Inc., and the Washington Group International Long Term Disability ("LTD") Plan. Plaintiff has responded (Doc. No. 26), and Defendants have replied (Doc. No. 34). For the reasons set out below, Defendants' Motion to Dismiss the Plaintiff's Claim for LTD Benefits (Doc. No. 22) is GRANTED.

## I. BACKGROUND

Plaintiff was employed by Washington Group as an Assistant Contract Manager.[1] While employed by Washington Group, Plaintiff was a participant in Washington Group's short term and long term disability plans.[2] Plaintiff filed a claim for STD benefits; the claim was denied.[3] Plaintiff did not file a claim for LTD benefits.[4] Plaintiff brought suit against Defendants seeking both STD and LTD benefits.[5]

---

[1] Doc. No. 13.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

1

The LTD Group Insurance Certificate ("Certificate") sets out procedures for benefits claims.[6] Under the terms of the LTD insurance policy, a beneficiary should notify Highmark Life Insurance Company ("Highmark") within 30 days, or as soon as reasonable, of the date on which she became disabled.[7] The Certificate sets out that the beneficiary must provide Highmark with proof that she is disabled.[8] The Certificate explains that Highmark will notify the beneficiary of the claim decision within 45 days of receiving completed LTD claims forms, and sets out how a beneficiary may request an appeal of a decision.[9] Under the policy, a beneficiary may not start a legal action until 60 days after proof of her claim was given.[10] In connection with the LTD benefit qualifying period, the Certificate provided:

> Your Benefit Qualifying Period under the Group Policy means the length of time you must be continuously Disabled before LTD Benefits become payable. A Benefit Qualifying Period begins on the day you become Disabled. During this period, no benefits are payable for your Disability and you must be under the Regular and Appropriate Care of a Physician. We reserve the right and opportunity to examine you during the Benefit Qualifying Period, and to perform rehabilitation testing we determine appropriate.
>
> Your Benefit Qualifying Period ends upon the last to occur of:
> 1. The termination of your benefits under any salary continuation or short term disability benefitsplan sponsored by the Policyholder;
> 2. The exhaustion of your accumulated sick leave days provided by the Employer; or
> 3. 26 weeks after the date you became Disabled.

---

[6] Doc. No. 22.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

In connection with applying for other disability insurance, the LTD Certificates provides:

> We will require you to apply for any other benefits for loss of income that you may also be eligible for as a result of the same period of disability[11] as the one you are claiming benefits for under the Group Policy. We may also require that you appeal a denial of your claim for these other benefits.

Defendants assert that Plaintiff was required to exhaust her administrative remedies before filing suit.[12] Defendants maintain that because Plaintiff did not file a claim for LTD benefits, and failed to exhaust her administrative remedies in connection with her LTD benefits, Plaintiff's claim for LTD benefits should be dismissed.[13]

Plaintiff asserts that filing a claim for LTD benefits was futile, because LTD benefits are supposed to follow STD benefits.[14] Plaintiff maintains that because filing a claim for LTD benefits would have been futile, she was not required to file the claim.[15]

---

[11]Disability or disabled
means our determination that a change in your functional capacity to work as a result of your Medical Condition began while you are covered under the Group Policy and: during the Benefit Qualifying Period and the following 12 months: prevents you from performing the Essential Functions of your Regular Occupation or of a Reasonable Employment Option offered to you by the Employer; and as a result you are unable to earn more than 80% of your Indexed Predisability Monthly Income.
Doc. No. 22

[12]Doc. No. 22.

[13]*Id.*

[14]Doc. No. 26.

[15]*Id.*

3

## II. DISCUSSION

Benefit plans governed by ERISA must include a claim review procedure.[16] "[A]ny plan claim review procedure that meets the requirements of 29 U.S.C. § 1133[17] and 29 C.F.R. § 2560.503-1(f) and (g)[18] will trigger the judicially imposed duty to exhaust that remedy."[19] "It is well recognized that ERISA participants must exhaust an ERISA plan's internal review procedures before bringing claims in federal court."[20] A beneficiary, however, is relieved of the requirement to exhaust administrative remedies when exhaustion "would be wholly futile."[21] A mere speculation that a claim will be denied does not establish futility.[22]

---

[16] 29 U.S.C. § 1133.

[17] *Id.* 29 U.S.C. § 1133 provides:

In accordance with regulations of the Secretary, every employee benefit plan shall--
(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

[18] 29 C.F.R. § 2560.503-1(f) sets out the timing of notification of benefit determination. 29 C.F.R. § 2560.503-1(g) sets out the manner and content of notification of benefit determination.

[19] *Kinkead v. Southwestern Bell Corp. Sickness & Accident Disability Benefit Plan*, 111 F.3d 67, 70 (8th Cir. 1997).

[20] *James v. HMO Mo., Inc.*, No. 4:07CV709, 2008 U.S. Dist. Lexis 6783, at *9 (8th Cir. Jan. 30, 2008) (citing *Galman v. Prudential Ins. Co. of Am.*, 254 F.3d 768, 770 (8th Cir. 2001) ("'In this circuit, [claimants] must exhaust [ERISA] procedure before bringing claims for wrongful denial to court.'").

[21] *Glover v. St. Louis-San Francisco R. Co.*, 393 U.S. 324, 330 (1969). See also *Wert v. Liberty Life Assur. Co. of Boston*, 447 F.3d 1060, 1065 (8th Cir. 2006) (citing, among others, *Back v. Danka Corp.*, 335 F.3d 790, 792 (8th Cir. 2003) (exhaustion not required where plan failed to notify plaintiff regarding availability of internal remedy); *Union Pac. R.R. Co. v.*

The claim review procedure set out in the Certificate meets the requirements of 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(f) and (g). Accordingly, Plaintiff had to exhaust her administrative remedies, unless exhaustion would have been futile.

Plaintiff asserts that she "did not exhaust her administrative remedies on the Long Term Disability Plan because she had no opportunity to do so."[23] Plaintiff maintains that "[n]o LTD benefits are payable during the benefit qualifying period. That is triggered on the last of three occurrences, including 'the termination of your benefits under any salary continuation or short term disability benefits plan sponsored by the Policyholder.'"[24]

Plaintiff's argument fails for two reasons: (1) the LTD Certificate contains a provision in connection with applying for other disability benefits that acknowledges those benefits may be denied; and (2) the termination of STD benefits is only one of several events that can end a benefit qualifying period. First, the LTD insurance policy requires a beneficiary to apply for any other benefits for loss of income to which the beneficiary may be entitled, but does not provide that the beneficiary must have received the other benefits. Rather, the LTD Certificate reads: "We may also require that you appeal a denial of your claim for these other benefits."[25] Thus, the plan acknowledges the potential denial of other possible benefits.

---

*Beckham*, 138 F.3d 325, 332 & n.4 (8th Cir. 1998) (recognizing the futility exception to the exhaustion requirement under ERISA in the context of determining when a cause of action accrued).

[22]*Norby v. Twin City Carpenters & Joiners Health & Welfare Fund*, No. 07-4453(DSD/JJG), 2008 U.S. Dist. Lexis 26262, at *8 (8th Cir. April 1, 2008) (citing *Goewert v. Hartford Life & Accident Ins. Co.*, 442 F. Supp. 2d 724, 730 (E.D. Mo. 2006).

[23]Doc. No. 26.

[24]*Id.*

[25]Doc. No. 22.

Second, the termination of STD benefits is only one of several events that ends a benefit qualifying period.[26] A benefit qualifying period is defined as "the length of time you must be continuously Disabled before LTD Benefits become payable . . . ;"[27] no LTD benefits are payable during a benefit qualifying period.[28] A benefit qualifying period "begins on the day you become Disabled,"[29] and ends upon the last to occur of:

1. The termination of your benefits under any salary continuation or short term disability benefits plan sponsored by the Policyholder;
2. The exhaustion of your accumulated sick leave days provided by the Employer; *or*
3. 26 weeks after the date you became Disabled.[30]

Under that language, if a beneficiary has been receiving STD benefits, the termination of those benefits ends the benefit qualifying period. But, termination of salary continuation, exhaustion of accumulated sick days, or the expiration of 26 weeks after the date the beneficiary became disabled also end the benefits qualifying period. When a benefit qualifying period ends -- regardless of why it ends -- LTD benefits may be paid. Based on the language in the LTD policy, Plaintiff has not established that exhausting her administrative remedies would have been futile because she was denied STD benefits.

---

[26]*Id.*

[27]*Id.*

[28]*Id.*

[29]*Id.*

[30]*Id.* (emphasis added).

## III. CONCLUSION

Plaintiff was required to exhaust her administrative remedies, unless doing so would have been wholly futile. Plaintiff has not established that exhausting her administrative remedies would have been futile. Accordingly, Defendants' Motion to Dismiss the Plaintiff's Claim for LTD Benefits (Doc. No. 22) is GRANTED.

IT IS SO ORDERED this 2nd day of June, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE